UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| GLENDA T. BRYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:12-cv-210 |
| v. | ) | |
| | ) | *Mattice / Lee* |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Glenda T. Bryan brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") granting her disability insurance benefits ("DIB") and supplemental security income ("SSI") as of the onset date of May 1, 2010. In Plaintiff's complaint, she raises the narrow issue of whether her disability onset date was correct. Defendant has filed a motion for summary judgment [Doc. 17]. For the reasons stated below, I **RECOMMEND** that the Commissioner's motion for summary judgment [Doc. 17] be **GRANTED** and the decision of the Commissioner be **AFFIRMED**.

I.  ADMINISTRATIVE PROCEEDINGS

Plaintiff initially filed her application for DIB and SSI on May 15, 2009, alleging disability as of February 2, 2009 (Transcript ("Tr.") 98-102). Plaintiff's claims were denied initially and upon reconsideration and she requested a hearing before the Administrate Law Judge ("ALJ") (Tr. 33-47, 50-57). On November 11, 2010, Plaintiff's non-attorney representative sent a letter to the Social

Security Administration indicating Plaintiff sought to amend her onset date to May 1, 2010 (Tr. 173-74). The ALJ held a hearing on February 9, 2011, which Plaintiff attended with her representative (Tr. 16-32). The ALJ issued his decision on February 18, 2011 and determined Plaintiff was disabled as of the amended onset date of May 1, 2010 (Tr. 6-15). The Appeals Council denied Plaintiff's request for review based on the incorrect onset date, making the ALJ's decision the final, appealable decision of the Commissioner (Tr. 1-5). Plaintiff filed the instant action on June 29, 2012 [Doc. 2].

## II. FACTUAL BACKGROUND[1]

Plaintiff's non-attorney representative, Janice Cruden, wrote a letter to the Social Security Administration on November 11, 2010 which stated as follows:

> I have met with my client, Glenda T. Bryan pursuant to your request to substantiate her earnings in 2009. You will recall that she claimed earnings of $7,111 ($2,800 of which were from David Newman as payment in advance for 70 massages). It took her until July, 2010 (19 months) to complete those massages. You expressed concern that she declared an amount of income for two months in 2009 that was very close to those of previous years.
>
> After reviewing your [sic] appointments, Ms. Bryan remembered that she had offered 2 for 1 special through her children's school and that the school received $10 for each coupon sold. In spite of the fact that she had fallen and injured her hip and shoulder, she felt obligated to honor the coupons since the school had been paid. Thus, she had to work to complete the massages through April, 2009. Therefore, she did earn at SGA level until April 30, 2010 and we are requesting an amended onset date of May 1, 2010. She was then forced to discontinue working due to worsening of her medical conditions.

(Tr. 173-74). Plaintiff signed this document following the statement "I have read and attest that the

---

[1] No medical records have been placed in dispute, and the summary here will outline only the portions of the record relevant to Plaintiff's onset date.

2

above information regarding my earnings in 2009 and 2010 is accurate" (Tr. 174). Attached to the letter was a letter from Lake Forest Middle School verifying Plaintiff's massage therapy practice participated in a discount card, which was valid from February 1, 2009 to February 1, 2010, along with a photocopy of the discount card (Tr. 175-76). On February 9, 2011, prior to the hearing before the ALJ, Plaintiff's representative sent a letter to the ALJ setting out Plaintiff's case and again noted "we are requesting an amended onset date of May 1, 2010 due to some limited subsequent earnings after filing" (Tr. 215-17).

Plaintiff was 50 at the time of the hearing before the ALJ and had received a masters degree in counseling (Tr. 19). Her past relevant work was as a massage therapist for 11 years (Tr. 20, 30). During the hearing, the ALJ had the following dialogue with Plaintiff and her representative concerning when Plaintiff had last worked:

> ALJ: . . . Ms. Cruden, now you're amending the onset date to May 1st, 2010, is that what I understand?
>
> REP: Yes, sir.
>
> ALJ: All right. Have you worked anywhere since that date, May 1st, 2010?
>
> PL: Yes, sir, I did a few, whenever I -- massages whenever I could because I had already sold the gift certificates and I felt obligated to do them, but it was only like one or two a week. I didn't realize it when I sold them that I was going to be falling and hurting myself.
>
> ALJ: All right. Do you have any judgment as to how much money you were making while you were doing them?
>
> PL: Well, I filed the income tax for $7,700 but I had one check that a loyal customer had helped me out with because I had pawn [sic] my truck title to make it and I think you probably have a copy of the check he made for the amount that I needed at the time and so I didn't get finished doing his massages until July this year, I mean, last year 2010.

3

(Tr. 19-20).

## III.  ALJ'S FINDINGS

### A.  Eligibility for Disability Benefits

The Social Security Administration determines eligibility for disability benefits by following a five-step process. 20 C.F.R. § 404.1520(a)(4)(i-v).

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment-i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities-the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647 (6th Cir. 2009). The claimant bears the burden to show the extent of his impairments, but at step five, the Commissioner bears the burden to show that, notwithstanding those impairments, there are jobs the claimant is capable of performing. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

### B.  ALJ's Application of the Sequential Evaluation Process

At step one of this process, the ALJ found Plaintiff had not engaged in any substantial gainful activity since May 1, 2010, the amended alleged onset date (Tr. 12). At step two, the ALJ found Plaintiff had severe impairments of disorders of the lumbar spine, rheumatoid arthritis,

4

osteoarthritis and obesity (Tr. 12). At step three, the ALJ found Plaintiff did not have any impairment or combination of impairments to meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App'x. 1 (Tr. 12). The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform sedentary work (Tr. 12). At step four, the ALJ found Plaintiff was unable to perform her past relevant work (Tr. 13-14). At step five, the ALJ found that Plaintiff was 50, an individual closely approaching advanced age, on the alleged onset date and that her job skills did not transfer to other occupations within the RFC (Tr. 14). After considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were no jobs that existed in significant numbers in the national economy which Plaintiff could perform and that application of the Medical-Vocational Guidelines directed a finding of "disabled" (Tr. 14). This finding led to the ALJ's determination that Plaintiff was under a disability as of May 1, 2010 (Tr. 14).

## IV.     ANALYSIS

Plaintiff has not submitted a brief for the Court's review, but the allegations in her complaint and *in forma pauperis* application [Docs. 2, 4, & 4-1] contend only that there was a typographical error in the amended disability onset date, which was supposed to be May 1, **2009** instead of May 1, **2010**.

### A.     Standard of Review

A court must affirm the Commissioner's decision unless it rests on an incorrect legal standard or is unsupported by substantial evidence. 42 U.S.C. § 405(g); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Walters*, 127 F.3d at 528). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Furthermore, the evidence must be "substantial" in light of the record as a whole, "tak[ing] into account whatever in the record fairly detracts from its weight." *Id.* (internal quotes omitted). If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the court might have decided facts differently, or if substantial evidence would also have supported other findings. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The court may not re-weigh evidence, resolve conflicts in evidence, or decide questions of credibility. *Garner*, 745 F.2d at 387. The substantial evidence standard allows considerable latitude to administrative decisionmakers because it presupposes there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The court may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The court may not, however, consider any evidence which was not before the ALJ for purposes of substantial evidence review. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is under no obligation to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-CV-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and arguments not raised and supported in more than a perfunctory manner may be deemed waived, *Woods v. Comm'r of Soc. Sec.*, No. 1:08-CV-651, 2009 WL 3153153, at *7 (W.D. Mich. Sep. 29, 2009) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) (noting that conclusory claim of error without further argument or authority may be considered waived).

### B. Disability Onset Date

The Commissioner argues substantial evidence supports the decision in this case because Plaintiff's representative repeatedly stated a May 1, 2010 amended onset date was applicable to Plaintiff's claim [Doc. 18 at PageID# 65]. Plaintiff was present during the hearing, but she made no objection when her representative, for the third time, confirmed the amended onset date [*id.*]. The Commissioner asserts it was not error for the ALJ to rely on the statements of Plaintiff's representative with respect to the requested amended onset date [*id.*]. As the onset date is the starting point for review of medical evidence, it was not necessary for the ALJ to review the evidence with an eye towards finding a different onset date [*id.* at PageID# 65-66]. Furthermore, the Commissioner notes that because Plaintiff was 50 years old as of May 1, 2010, the ALJ was able to use the Medical-Vocational Guidelines ("the Grids") to find that an individual closely approaching advanced age, limited to sedentary work, and with Plaintiff's vocational profile, was per se disabled [*id.* at PageID# 66]. The Commissioner argues the ALJ would not have reached this same conclusion with an onset date of May 1, 2009, as Plaintiff would have been 49, a younger individual, and given this classification, her vocational profile, and an RFC limiting her to sedentary work, the Grids would have directed a finding of not disabled [*id.* at PageID# 66-67].

It appears that Plaintiff's representative made an error in her original letter to the Administration amending the onset date, as the representative was discussing the early months of 2009 and theoretically intended to amend the onset date to May 1, 2009, but accidentally wrote 2010 instead (Tr. 173-74). However, I **FIND** no error with the ALJ's acceptance of May 1, 2010 as the onset date. This was a typographical error made by Plaintiff's representative, was repeated at least twice more, and was never corrected by Plaintiff or her representative, even during questioning at

7

the hearing. There was no legitimate reason for the ALJ to disbelieve or question the designation of a May 1, 2010 amended onset date, particularly where the facts surrounding Plaintiff's last work were somewhat confusing, and the letter by the representative set out these facts in a way that was also slightly confusing.[2]

I further **CONCLUDE** that the ALJ's decision to award benefits as of an onset date of May 1, 2010 was supported by substantial evidence. Here, the ALJ relied upon Medical-Vocational Rule 201.14, which indicates that an individual closely approaching advanced age, who is a high school graduate or more, who can perform sedentary work but has previously performed skilled or semiskilled work with no transferable skills, is disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x. 2, Rule 201.14, Tr. 14. As of May 1, 2009, Plaintiff was 49 (Tr. 98). The corresponding Medical-Vocational Rule that would encompass this younger age directs that a younger individual age 45-49 who is a high school graduate or more, restricted to sedentary work but with skilled or semiskilled past work with untransferable skills, would be found to be **not** disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x. 2, Rule 201.21.

I **FIND** no error in the ALJ's determination that Plaintiff was disabled pursuant to the Grids and, because of the significant difference in the application of the Grids which would result with the different onset date of May 1, 2009 (when Plaintiff was still 49, a younger individual), I further **FIND** that I cannot simply amend Plaintiff's onset date and retroactively award her benefits as of

---

[2] It is somewhat confusing because the discount card offered through Plaintiff's school ran from February 1, 2009 to February 1, 2010 (Tr. 175-76). In addition, Plaintiff had received a check for prepaid massages in early 2009, but continued giving those massages to that customer through July 2010 (Tr. 20, 173). Given Plaintiff's representations, it appears that the discount card massages were primarily given in the first few months of the card's validity (i.e., February, March and April 2009), but because Plaintiff stated she was also still giving massages until July 2010, it was not blatantly obvious that Plaintiff and her representative meant to reference 2009 instead (Tr. 173).

8

the earlier onset date. Therefore, it is impossible to give Plaintiff the relief she seeks. It is not necessary to remand the case[3] because I **CONCLUDE** that the ALJ's acceptance of the May 1, 2010 onset date was supported by substantial evidence and I further **CONCLUDE** the decision of the ALJ was supported by substantial evidence.

One additional matter: On March 21, 2013, the Clerk filed a copy of an envelope addressed to Plaintiff's address of record. The mailing was returned to the Clerk by the United States Postal Service, with an indication that the envelope, which presumably contained the Court's Order issued March 5, 2013, was undeliverable and a forwarding address was unknown [Doc. 19]. At the request of the Court, the Commissioner's records were reviewed, and it was determined that the most current address for Plaintiff may be 2020 Bates Pike SE, Apt. 302, Cleveland, TN 37311–not Apt. 901 as reflected on the record [Doc. 20]. Therefore, the Clerk is **DIRECTED** to mail this report and recommendation to both Apt. 302 and Apt. 901 at the stated street address.

---

[3] Notably, if the Court found the onset date should be amended to May 1, 2009 and remanded the case, Plaintiff could be in a far worse position upon adjudication of her case upon remand.

## V. CONCLUSION

Having carefully reviewed the administrative record and the parties' arguments, I **RECOMMEND** that:[4]

>    (1)   The Commissioner's motion for summary judgment [Doc. 17] be **GRANTED**.
>
>    (2)   The Commissioner's decision granting benefits as of May 1, 2010 be **AFFIRMED**.

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Case 1:12-cv-00210-HSM-SKL   Document 21   Filed 06/11/13   Page 10 of 10   PageID #: 81